IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JUSTIN KENNEDY and ASTIN HILL, )
)
    Plaintiffs, )
) No. 3:19-cv-00815
)
v. ) JUDGE RICHARDSON
)
DAVID HODGES, *et al.*, )
)
    Defendants. )

# MEMORANDUM

Justin Kennedy and Astin Hill, pre-trial detainees in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, co-filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Lieutenant David Hodges and the Davidson County Sheriff's Office. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## IV. Alleged Facts

The complaint alleges that, on June 8, 2019, Lieutenant Hodges advised another officer to investigate a possible assault on a "weekender" inmate that occurred on June 5, 2019. (Doc. No. 1 at 5). As a result of this investigation, several inmates were charged with various disciplinary offenses, including Plaintiffs. According to the complaint, the video on which the officers relied during their investigation "shows no evidence of any assault or any of the other violations" with

which Plaintiffs were charged. (*Id*.) Plaintiffs believe their characters have been defamed and they were placed in segregation "for something [they] didn't do." (*Id*. at 6.) They lost "points" as a result of the charges. (*Id*.)

## V. Analysis

Construed liberally, the pro se complaint alleges federal due process claims in connection with the disciplinary charges against Plaintiffs and the resulting disciplinary proceedings. The complaint names two Defendants to this action: the Davidson County Sheriff's Office and Lieutenant Hodges in his individual capacity. (Doc. No. 1 at 2).

First, a police or sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. *See, e.g.*, *Durham v. Estate of Gus Losleben*, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); *McKinney v. McNairy Cnty., Tenn.*, 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Davidson County Sheriff's Office. These claims will be dismissed.

Assuming for purposes of the required PLRA screening that Plaintiff also intended to sue Davidson County, a claim of municipal liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision;

or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013)..

Here, the complaint does not identify or describe any of Davidson County's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiffs' rights; and it does not identify any other previous instances of similar violations that would have put Davidson County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at \*\*2-3 (M.D. Tenn. 2010). Thus, even if Plaintiffs had named Davidson County as a Defendant, the allegations of the complaint are insufficient to state a claim for municipal liability under Section 1983.

With regard to Plaintiffs' remaining due process claims against Defendant Hodges in his individual capacity, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. at 411, 480 (1972)). Inmates enjoy a narrow set of due process rights when prison authorities institute disciplinary proceedings. *See Cleavinger v. Saxner*, 474 U.S. 193 (1985) (disciplinary board members protected by qualified immunity); *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (disciplinary findings satisfy due process if supported by any evidence, however meager); *Ponte v. Real*, 471 U.S. 491, 495-99 (1985) (disciplinary board need not make contemporaneous record of reasons live witnesses for inmate not allowed); *Baxter v. Palmigiano*, 425 U.S. 308, 319-323 (1976) (disciplinary board may draw adverse inference from inmate's silence; inmate has no right to cross-examination); *Wolff*,

418 U.S. 539, 564-71 (defining scope of due process application to prison disciplinary hearings); *Wolfel v. Morris*, 972 F.2d 712 (6th Cir.1992).

In *Wolff v. McDonnell*, the Supreme Court held that, when a prisoner is charged with a disciplinary offense that may result in loss of good time credit,[1] due process requires (i) written notice of the charges at least twenty-four hours prior to the hearing; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals[;]" and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. 418 U.S. 539, 563-64, 566. These protections are required only when a liberty interest is at stake. *See, e.g., Sandin*, 515 U.S. at 484, 486-87. "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005) (quoting *Sandin*, 515 U.S. at 484).

Here, as punishment for the disciplinary charges, Plaintiffs were placed in segregation for thirty to sixty days. (Doc. No. 1 at 6). Yet, confinement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 467-73 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden–Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

---

[1] The complaint alleges that Plaintiffs lost "points" as a result of the charges against them, but fails to explain what that means. (Doc. No. 1 at 6). In particular, the complaint does not allege that Plaintiffs lost good time credits as a result of the charges such that their punishment extended the duration of their sentences. Notably, Plaintiffs are pre-trial detainees.

5

With regard to the nature of Plaintiffs' stay in segregation, there are no allegations in the complaint concerning the conditions Plaintiffs faced in segregation. The complaint does not claim that either Plaintiff was denied adequate food, clothing, shelter, recreation, or medical care while in segregation. Neither does the complaint allege any injury or harm as a result of the conditions of segregation. *See Moore v. Merchant*, No. 5:13CV-P81-R, 2013 WL 6590395, at *4 (W.D. Ky. Dec. 16, 2013) (finding that, "[i]n any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'").

With regard to the duration of Plaintiff's confinement in segregation, the Supreme Court concluded in *Sandin* that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. 515 U.S. at 484. Similarly, the Sixth Circuit has held that placement in segregation for a relatively short period of time does not require the protections of due process. *Rimmer-Bey*, 62 F.3d at 790-91; *see Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant). The Sixth Circuit also has held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. *See, e.g., Jones*, 155 F.3d at 812-23 (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding). *But cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years

without an explanation from prison officials, implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest).

Based on the cases cited above, the Court finds that Plaintiffs' segregation under the conditions described in the complaint does not constitute "an atypical and significant hardship on the inmate[s] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see Williams v. Wilkinson*, 51 Fed. App'x 553, 557 (6th Cir. 2002) (where, as punishment for the drug test that prison authorities allege plaintiff failed, plaintiff received a suspended fifteen-day sentence in disciplinary segregation, he lost a promised reduction in his security classification, was denied a furlough, and had to participate in a substance abuse program that interfered with his ability to earn money at his prison employment, court held that none of these punitive measures qualifies as a "significant and atypical hardship."). Plaintiffs' federal due process claims therefore will be dismissed.

To the extent that either Plaintiff insists that he has the right to prove his innocence, the disciplinary infraction about which Plaintiffs complain is not the equivalent of a state or federal criminal charge against them. "The constitutional adequacy of these [prison disciplinary] proceedings is not to be measured by the requirements of a criminal prosecution, for the full panoply of procedural due process rights do not apply to the administration of prison discipline." *Brooks v. Westbrooks,* No. 3:17-cv-00686, 2017 WL 3868275, at *3 (M.D. Tenn. Sept. 5, 2017) (quoting *Crafton v. Luttrell*, 378 F. Supp. 521, 526 (M.D. Tenn. 1973) (citations omitted)).

## V. Conclusion

Having screened the complaint pursuant to the PLRA, the Court finds that the complaint fails to state claims under Section 1983 upon which relief can be granted as to both Defendants. This complaint will be dismissed. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE