IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN KENNEDY and ASTIN HILL, | ) |
| Plaintiffs, | ) )   ) |
| | ) No. 3:19-cv-00815 |
| v. | ) )   ) JUDGE RICHARDSON |
| DAVID HODGES, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

Justin Kennedy and Astin Hill, pre-trial detainees in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, co-filed this pro se action under 42 U.S.C. § 1983 against David Hodges and the Davidson County Sheriff's Office. (Doc. No. 1). Plaintiffs also submitted applications for leave to proceed in forma pauperis. (Doc. Nos. 4 and 5).

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of their applications, Plaintiffs lack sufficient financial resources from which to pay the full filing fee in advance. Therefore, both applications (Doc. Nos. 4 and 5) are hereby **GRANTED**. Each Plaintiff is hereby assessed his portion of the $350 filing fee ($175), to be paid as follows:

(1) The custodian of each Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

1

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from each Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until each Plaintiff has paid his portion of the filing fee ($175) in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203. Acceptable forms of payment by pro se plaintiffs are cash, money order, cashier's check or credit card payment.

The Clerk of Court is **DIRECTED** to send a copy of this order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to ensure that the custodian of each Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If either Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows that Plaintiff to his new place of confinement for continued compliance with this order.

The Court has reviewed the complaint pursuant to the PLRA and, for the reasons set forth in the Memorandum entered contemporaneously with this Order, finds that the complaint fails to state Section 1983 claims upon which relief can be granted. Therefore, Plaintiffs' Section 1983 claims against both Defendants are **DISMISSED WITH PREJUDICE**. 28 U.S.C. § 1915A.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE